# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MANUEL ALEXANDER FUENTES GUEVARA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, *et al.*,

Respondents.

Case No. 26-cv-03540-BAS-DDL

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

On January 20, 2026, Petitioner Manuel Alexander Fuentes Guevara filed a Petition for Writ of Habeas Corpus seeking release from immigration custody or a bond hearing. (Case No. 26-cv-0342-BAS-DDL.) The Court denied that Petition, holding: (1) Petitioner was subject to mandatory detention under 8 U.S.C. § 1231(a)(2) because he was subject to a final order of removal; and (2) Petitioner's detention did not violate *Zadvydas v. Davis*, 533 U.S. 678 (2001), because *Zadvydas* was concerned with indefinite detention. (*Id.*, ECF No. 7.)  That ruling is currently on appeal to the Ninth Circuit.

Petitioner now files a second Petition. (ECF No. 1.) Very little has changed since the Court's last order, and the Government argues that this is an improper successive petition under *Calderon v. U.S. District Court for Central District of California*, 163 F.3d 530, 537 (9th Cir. 1998), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202,

- 1 -

26cv3540

206 (2003). Petitioner files a Traverse claiming there are two additional facts in this second Petition: (1) on May 28, 2026, an Immigration Judge declined to conduct a bond hearing, finding he lacked jurisdiction to do so; and (2) Petitioner has now been in custody for seven months. (ECF No. 8.) For the reasons stated below, the Court **DENIES** the Petition.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to noncitizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    BACKGROUND

The facts have changed little since the Court denied Petitioner's first Petition. On April 14, 2005, Petitioner entered the United States illegally. Petitioner failed to appear for an immigration hearing on November 7, 2005, and he was ordered removed from the United States *in absentia.* On November 7, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner and made arrangements to repatriate him to El Salvador. Petitioner moved to reopen his removal, which was denied by an Immigration Judge. That denial is currently on appeal.

## III.    ANALYSIS

For all the reasons stated in this Court's previous order, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (*See* Case No. 26-cv-0342-BAS-DDL, ECF No. 7.) In addition, although Petitioner has now been in custody for more than six months, at this point, the Court does not find that "there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("This 6–month presumption, of course, does not mean that every alien not removed

26cv3540

must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

The Government previously presented evidence that an individual can be removed to El Salvador in two to three days. The only reason Petitioner has not been removed is because he moved to reopen his removal proceedings and then, because that motion to reopen was denied, he appealed the denial. At this point, the Court finds his removal is likely in the reasonably foreseeable future. Of course, if Petitioner obtains a reversal and is able to reopen his removal proceedings, then he will be in a different posture, but until then, the Court finds denial of the Petition is appropriate.

## IV.    CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus is **DENIED**. (ECF No. 1.)  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: July 1, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv3540